**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD RESTIFO | : NO. 02-CV-2673 |
| vs. | : |
| BARBARA BRITTINGHAM | : ATTORNEY I.D. NO. 34388 |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

TO THE HONORABLE, THE JUDGES OF SAID COURT:

AND NOW, comes Barbara Brittingham, by and through her attorneys, Begley, Carlin & Mandio LLP and answers Plaintiff's Complaint as follows:

1. Admitted.

2. Admitted.

3. Denied, to the contrary, this action for injunctive relief is, upon information and belief, brought solely for the purposes of delay to avoid the scheduled eviction of Plaintiff from the premises at 60 New Street, New Hope, Pennsylvania (hereinafter the "premises"). Further, any averment that Plaintiff's rights under the First, Fifth and Fourteenth Amendments to the United States Constitution, Sections 1983 and 1985 of 42 U.S.C., or any other rights of Plaintiff have been or are being violated is denied.

4. Admitted in part; denied in part. It is admitted that Defendant, Barbara Brittingham, caused to be filed a Complaint seeking the recovery of real property from Plaintiff, Richard Restifo. However, the Brittinghams had previously brought an action before the local District Justice seeking to recover possession of the premises and had been awarded judgment in their favor. Plaintiff herein, Mr. Restifo, had appealed from that decision to the Bucks County Court of Common Pleas, which appeal resulted in the filing of the Complaint. It is further admitted that both actions were brought because the term of the lease had expired and the Brittinghams had notified Mr. Restifo that the lease would not be renewed.

5. Denied. To the contrary, the Brittinghams determined that they no longer desired Mr. Restifo as a tenant and notified him, in accordance with the lease provisions, that his lease would not be renewed at the expiration of its then-extant term. Mr. Restifo's complaints about the commercial parking lot were, in the opinion of the Brittinghams, unreasonable and unjustified and motivated by ill-will toward the Brittinghams, in that the commercial parking lot had existed at the premises prior to Mr. Restifo's residency there and he was actively attempting to deprive the Brittinghams of a source of significant income, which source of income was a major reason for the Brittingham's decision to purchase the property.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted

10. Admitted.

11. Admitted in part; denied in part. It is admitted that the Order of the Court of Common Pleas refusing the Prothonotary's judgment has been appealed by Restifo to Superior Court. It is denied that said appeal can raise any substantive issues with regard to the underlying litigation. To the contrary, all appeal periods concerning the entry of a summary judgment, and the judgment entered by the Prothonotary pursuant to said judgment, have expired. Plaintiff's filing of a Motion to Strike the Prothonotary's Judgment did not toll the appeal rights from the entry of the judgment itself. Accordingly, Plaintiff has waived any right to further contest the grounds for the entry of the summary judgment or the entry of the judgment itself by the Bucks County Prothonotary.

12. Admitted.

13. Admitted in part; denied in part. It is denied that the Sheriff "has served the Writ of Possession on Restifo". To the contrary, Plaintiff Restifo attempted to avoid service of the Writ of Possession upon him which necessitated counsel for Barbara Brittingham securing an Order for Alternate Service. Attached hereto and incorporated herein as Exhibit "A" is a true and correct copy of the docket entries from the Bucks County Prothonotary confirming the Sheriff's attempts to serve Plaintiff with a Writ of Possession, the Plaintiff's avoidance of service of same and the entry of an

Order Authorizing Alternate Service of same upon Mr. Restifo. It is admitted that the execution of the Writ of Possession is scheduled for May 15, 2002.

    14.    Admitted.

    15.    Admitted.

    16.    Denied. This averment is a conclusion of law to which no further response is required. To the extent that response is required, the Brittinghams suit in the Bucks County Court of Common Pleas is a private lawsuit initiated solely by private litigants to secure their property rights to possession of real estate.

    17.    Denied. To the contrary, Plaintiff can seek damages for any unjust eviction action, which damages would presumably include moving expenses and increase in rent. By way of further answer, Plaintiff had adequate remedy at law in the underlying eviction action which allowed Plaintiff full and fair opportunity to contest the legality of the eviction action. Plaintiff took full advantage of his opportunity to defend this action and has remained in the premises for six and a half years after the lease was lawfully terminated by the Brittinghams. Plaintiff had the services of legal counsel, and was unsuccessful in pursuing his legal remedy. All appeal periods concerning the basis for the entry of summary judgment in favor of Brittingham have expired.

    18.    Denied. To the contrary, upon information and believe, Plaintiff is in the process of constructing a home in Bucks County, which home will be ready for occupancy by Plaintiff before the end of this year. Plaintiff can easily secure a residence on a temporary basis until his home is available for occupancy. Plaintiff is about to voluntarily vacate the premises to move into the said home and is simply attempting to stall the eviction process so as to avoid the inconvenience of taking up temporary residence elsewhere.

    19.    Denied. To the contrary, Defendant has been denied access to and/or possession of her property for six and a half years while the eviction process dragged on. Meanwhile, Plaintiff engaged in dilatory tactics, burdensome and laborious discovery, raised frivolous issues and avoided service of process for the sole purpose of delaying and denying Defendant her rights to possession of the premises.

    20.    Denied. Plaintiff is not entitled to equitable, or any other, relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint seeking equitable relief is barred by the doctrine of unclean hands.

2. Plaintiff's Complaint is barred by the doctrine of mootness.

3. Plaintiff's Complaint is barred by the applicable statute of limitations.

4. Plaintiff has failed to exhaust available state remedies and, moreover, Plaintiff has an adequate remedy at law in state court.

WHEREFORE, Defendant requests that this Honorable Court dismiss Plaintiff's Complaint, with prejudice, and grant such other and further relief as the Court may deem appropriate under the circumstances, including without limitation an assessment of attorney's fees.

BEGLEY, CARLIN & MANDIO, LLP


By:_____
Douglas C. Maloney, Esquire
Attorney I.D. NO. 34388
Attorney for Defendant, Barbara Brittingham
P.O. Box 308
Langhorne, PA 19047
215-750-0110

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Answer to Plaintiff's Complaint was sent via first class mail to the following:

Joseph Restifo, Esquire
844 County Line Road
Bryn Mawr, PA 19010

Carl L. Lindsay, Jr., Esquire
11 East Bridge Street
P.O. Box 60
New Hope, PA  18938

DOUGLAS C. MALONEY, ESQUIRE

Dated: _____