## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CIVIL ACTION - LAW

RICHARD RESTIFO                    : NO.  02-CV-2673

   vs.                                             :

BARBARA BRITTINGHAM           : ATTORNEY I.D. NO.  34388

### DEFENDANT'S REPLY TO PLAINTIFF'S MOTION TO DEFER CASE

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

AND NOW, comes Barbara Brittingham, by and through her attorney, Douglas C. Maloney, Esquire, and respectfully answers Plaintiff's Motion to Defer Case as follows:

1.      Admitted.

2.      Denied. Plaintiff's attorney appears to be conducting the practice of law, at least on a limited basis.

3.      Denied. To the contrary, Plaintiff's counsel has been aware of his medical condition for several months now. This Court admonished Plaintiff's counsel during telephone conference on or about January 27, 2003, that if he is not physically able to conduct the trial himself, that he should refer this case to another attorney. Plaintiff's counsel, during the same telephone conference, advised the Court that he was referring other cases to outside counsel. It is further denied that this case involves "thousands of pages" of documents. To the contrary, this is a relatively simple landlord-tenant dispute. Moreover, Plaintiff has forwarded to Defendant a total of nine (9) documents via a response to discovery request on or about March 31, 2003. Defendant has forwarded to Plaintiff a total of sixteen (16) documents, which Defendant has identified as the documents that Defendant

intends to introduce at trial and which documents are largely duplicitous of the documents supplied by Plaintiff. Moreover, Plaintiff's counsel is Plaintiff's brother. Defendant believes and therefore avers that the only reason that Plaintiff's counsel does not refer this case to another attorney is that another attorney will charge Plaintiff fees for legal services rendered in connection with this case, which fees Plaintiff does not wish to incur, while Plaintiff's current counsel is not charging his brother/client for legal services. By way of further answer, Defendant's counsel was not involved in any of the state court proceedings, and was able to familiarize himself with the file in less than one day in preparation for Hearing on Plaintiff's Motion for Preliminary Injunction. Plaintiff's counsel still has 5-1/2 weeks to transfer the file to another attorney which is more than sufficient time to prepare for a non-jury trial estimated to take less than 1 day to complete. Moreover, at Defendant's request, the Court already extended the discovery deadlines by 30 days and, by Order of March 9, 2003, specially listed this matter for trial for May 19, 2003. Attached hereto and incorporated herein are Exhibits "A" and "B" respectively are copies of the Court Orders of January 30, 2003 and March 9, 2003. The latter Order specifically provided, in capital letters, as follows:

> **ALL PARTIES SHALL BE READY TO BEGIN TRIAL ON THIS DAY - NO CONTINUANCES SHALL BE GRANTED - OR THIS MATTER WILL BE DISMISSED.**

Thus, Plaintiff had unusual advance notice of the specific date, and that the matter would not be continued, so that he would have adequate time to prepare the case for trial, or to transfer the file to new counsel.

4.    No response is required, other than the observation that if Plaintiff's file is disorganized, he should transfer the file to another attorney as soon as possible to give Plaintiff's

new counsel adequate time to prepare the case for trial. There is still adequate time remaining for

the two rather simple issues involved in this case which are:

> 1. Was Plaintiff's lease terminated due to Plaintiff's complaints to the Zoning Officer of New Hope Borough; and

> 2.  If so, does that give rise to any relief to Defendant, especially considering the fact that he remained in residence in the apartment for 6-1/2 years after the lease was terminated.

    5.      Denied. For the reasons set forth above, Plaintiff's counsel has been aware of his

medical condition for several months. The Court has already delayed trial once as a result of this.

Plaintiff's counsel still has adequate time to transfer the file to another attorney prior to the scheduled

trial date. This trial does not involve such complex factual or legal issues that another attorney could

not be prepared for trial in the time remaining to the scheduled trial date.

           Respectfully submitted,

           BEGLEY, CARLIN & MANDIO, LLP


By:_____
      Douglas C. Maloney, Esquire
      Attorney I.D. NO. 34388
      Attorney for Defendant
      P.O. Box 308
      Langhorne, PA 19047
      215-750-0110

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION - LAW**

RICHARD RESTIFO                                    : NO.  02-CV-2673

    vs.                                                          :

BARBARA BRITTINGHAM                        : ATTORNEY I.D. NO.  34388


## <u>ORDER</u>

      AND NOW, this      day of          , 2003, upon consideration of Plaintiff's Motion to Defer Case, it is hereby ORDERED that the said Motion is DENIED.

                                  BY THE COURT:


                                       _____

                                        J.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant's Reply to Plaintiff's Motion to Defer Case was sent via first class mail to the following:

Joseph Restifo, Esquire
844 County Line Road
Bryn Mawr, PA 19010

_____
DOUGLAS C.  MALONEY, ESQUIRE

Dated: _____